### JACK B. NOBLE v. HANNAH B. MEYERS ET AL.
#### No. 2878.

1. **Intervenor—Practice.**—An intervenor against whom no affirmative relief is asked by the pleadings of the other parties to the cause occupies so much the position of a plaintiff that the only proper action to take with regard to him when he fails to appear is to dismiss his suit for want of prosecution.

2. **Partition—Parties.**—As long as the pleadings fail to show in a suit for partition that there are persons interested in the title that is the subject of the suit who are not parties to it, the proceedings may be prosecuted to a final decree.

3. **Necessary Parties in Partition.**—It is not incumbent upon plaintiffs in a partition suit to make parties persons claiming under an adversary title, or not under the title of which partition is sought. Persons not parties are not prejudiced by the proceedings.

APPEAL from Harris. Tried below before Hon. James Masterson.

The opinion states the case.

*Frank S. Burke*, for appellant.—If at any time during the progress of partition proceedings it shall come to the knowledge of the court that there are other parties in interest who have not been joined, it is the duty of the court to delay the proceedings until such parties are cited and given a hearing. Rev. Stats., arts. 3467, 3468; Oliver v. Robertson, 41 Texas, 422; Newland v. Holland, 45 Texas, 588; Ship Channel Co. v. Bruly, 45 Texas, 6; De la Vega v. League, 64 Texas, 205; Wilkin v. Wilkin, 1 John's Ch., 117; Bruton v. Rutland, 3 Humph., 435; Adams' Eq., 230, note.

*F. M. Poland*, for appellees.—The rights of J. B. Noble, as set up by him in his intervention, could have been and were necessarily involved in said suit No. 12,568, and are *res adjudicata*. The title to the property sought to be partitioned was involved, and decided not to be in the plaintiffs in said suit. The title to said property having been litigated as between said J. B. Noble and these appellees in said suit to establish a trust,

he can not again litigate the title with these appellees by claiming a community interest in the same property involved in said suit to establish a trust.

"Where a party has two defenses to a suit he must urge them both and have a decision on them. He can not divide up litigation in different suits by pleading one as a defense and afterwards use the other as a means of attacking the title which has prevailed over his other defense." The same rule applies where a party has, or thinks he has, two rights of action; he must plead them both in the first suit. Wells on Res Adjudicata, secs. 5, 217–19; Bryan v. Bridge, 10 Texas, 149; Tadlock v. Eccles, 20 Texas, 782; Foster v. Wells, 4 Texas, 103; Freem. on Judg., secs. 272, 273; Moncks v. McGrady, 71 Texas, 134; Nichols v. Dibrell, 61 Texas, 539; Weathered v. Mays, 4 Texas, 387.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by all of the heirs of Grace B. Noble except one, against that one for partition of land.

Appellant intervened, claiming that he and the other heirs of his father, whose names were given, owned an undivided interest of one-half in the land sought to be partitioned.

Plaintiffs replied to the intervention, defending against it by pleading the proceedings in a former suit as an adjudication against intervenor of the issue of title, and also pleading the statute of limitations of five years, but not praying for affirmative relief against the intervenor.

The intervenor did not appear at the trial, and a decree was rendered that he take "nothing by his intervention," and directing the partition of the land between plaintiffs and defendant.

We think that the proper judgment for the court to have rendered under these circumstances would have been to dismiss the intervention without prejudice. An intervenor against whom no affirmative relief is asked by the pleadings of the other parties to the cause occupies so much the position of a plaintiff that the only proper action to take with regard to him when he fails to appear is to dismiss his suit for want of prosecution.

The fact that the intervention is in a suit for partition does not change or affect the rule. As long as the pleadings or evidence fail to show in a suit for partition that there are persons interested in the title that is the subject of that suit, who have not been made parties to it, the proceedings may properly be prosecuted to a final decree and execution.

If there be a superior title outstanding in persons not made parties to the suit, or if there be persons interested in the title adjudicated who have not been made parties, their title would remain unprejudiced, and the decree rendered would not be binding upon or of any effect as to them.

It was not incumbent upon plaintiffs to make either the intervenor or the other persons named by him parties, as their claims did not originate

in the title of which they sought partition, but, on the contrary, were adverse to it.

If plaintiffs saw proper to do so they could by making its owners parties have had that or any other adverse title litigated. If they did not do so, every owner of a title not litigated, and every owner under the title that was in issue not properly made a party to the proceeding, should have been left unprejudiced by the final decree. This would have been the effect of not making the intervenor a party to the suit. The effect of a judgment upon the merits against him, when he had voluntarily become a party, is to bind him.

Other errors assigned are not properly presented for decision by the record.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 25, 1890.