## LONG et al. v. MOORING.
### No. 9457.

Court of Civil Appeals of Texas. Austin.

Oct. 11, 1944.

Rehearing Denied Nov. 1, 1944.

Newman & McCollum, of Brady, for appellants.

J. E. Shropshire and Aubrey Davee, both of Brady, for appellee.

BLAIR, Justice.

Appellee, V. R. Mooring, sued appellants, W. F. Long and W. B. Click, for $1,600, which the jury found appellants agreed to pay him for his 1943 crop of oats on a 112-acre tract of land. Appellee had leased the land from R. D. Sneed for the year ending December 31, 1943, paying the rental in advance. Appellants were operating a school for training aviation cadets near Brady, Texas, for service in the United States Army and Navy, and desired to lease the 112-acre tract for air field purposes in connection with the school. Negotiations with appellee and Sneed, the owner, resulted on or about April 1, 1943, in an oral agreement

to pay appellee $1,600 for his growing crop of oats, he to surrender possession during the remainder of his lease term. Sneed, the owner, agreed to lease the land to appellants for the year beginning June 1, 1943, and ending June 1, 1944, at $7.50 per acre, with an option to lease the 112-acre tract for an additional. four years at $5.00 per acre per year. Sneed executed a written lease agreement in July, 1943, and a correction lease in September, 1943, each providing that the lease period began on June 1, 1943. At the time the lease agreement was made it was agreed that the $1,600 due appellee would be included in the check to Sneed, but it was not included, and Sneed told Click, the admitted agent of Long in all transactions, that he would not accept the check if it would interfere in any way with appellee getting his $1,600, and was assured by Click that appellee would be settled with later. When appellee learned that Sneed's check did not include his $1,600 as agreed, he demanded payment of Click, and told him not to take possession until he paid the $1,600. Later, after advising with a lawyer, appellee told Click to take possession, but demanded payment of the $1,600 which Click had agreed to pay for the growing crop of oats in connection with the agreement to surrender the lease as of June 1, 1943. Click contended and appellants urged as defense to this suit that the $1,600 was to be paid appellee only in the event the federal agency or agencies charged with the duty of obtaining and paying for air fields approved it, and that such agency or agencies refused to pay the crop damages. The jury found that the agreement to pay appellee the $1,600 was not so conditioned, which concludes the matter, the evidence being conflicting on the issue.

Appellants also alleged that appellee elected to harvest his 1943 crop on the 112-acre tract by grazing his sheep thereon. The jury found that he did not so elect. The jury also found that appellee did not receive the full value of the crop of oats on the 112-acre tract by grazing his sheep thereon; and further found that the grazing of the sheep on the crop of oats damaged it in the sum of $225. Judgment was rendered for appellee for the $1,600, less the $225, or for $1,375, from which appellants prosecute this appeal. Appellee by cross-assignment of error, contends that the court erred in offsetting the $1,600 found by the jury as the agreed value or damages for the growing crop of oats by the $225 which the jury found the crop of oats was damaged by grazing the sheep thereon.

■ Appellants contend that appellee alleged as an alternative ground of recovery that appellants entered upon the land and destroyed the growing oat crop, thereby damaging him in the sum of $1,600, the value of the crop; but that the evidence showed appellee destroyed the oat crop by grazing his sheep thereon, and in consequence appellants were not liable to appellee in any sum. This ground of recovery was pled in the alternative. No issues were submitted to the jury relating thereto, and such alternative ground of recovery passed out of the case. As stated appellee's suit was primarily upon the contract to pay $1,600 for the growing crop and the remainder of the lease, which contract the jury found was made on April 1, 1943. To such suit appellants urged two defenses: 1) that the contract to pay appellee $1,600 had to be approved by a certain federal agency, and that it refused or did not approve the contract; and 2) that appellee destroyed the oat crop by grazing his sheep thereon, thereby electing to harvest it. The jury found these two defenses against appellants upon sufficient evidence, which concludes them here.

The jury further found, however, that appellee did not receive the full value of his oat crop by grazing his sheep thereon; that his sheep damaged the oat crop in the sum of $225 by grazing thereon; that appellee did not refuse appellants possession of the land prior to the time he learned Sneed had been paid; and that the pasturing of the oat field by the sheep destroyed the value of the oat crop.

By cross-assignment of error appellee urges for the first time on this appeal that the trial court erred in submitting the issue as to damages caused by grazing of the sheep on the oat crop; that the court could not allow the $225 as an offset to the established contract and agreement to pay appellee $1,600 for his growing oat crop; and that there was no pleading to support the allowance of the $225 as an offset to the $1,600, which was under the undisputed evidence in payment of the growing crop, and the remainder of appellee's leasehold estate in the 112-acre tract of land.

■ The cross-assignments of error are not sustained. Appellee made no objection to the submission of the issue as to dam-

ages caused by grazing the sheep on the oat field, upon the ground that the issue was not raised by the pleadings, nor upon any other ground. He filed no motion for a new trial, nor for judgment non obstante veredicto. His only objection was the general objection made to the judgment at the time it was entered. Nothing was done by appellee to call the attention of the court to any error complained of by the cross-assignments so as to afford it an opportunity to correct the alleged error, or the part of the judgment allowing the $225 as an offset to the $1,600 agreed contract price or value of the oat crop.

Under Rule 67, Texas Rules of Civil Procedure, an issue submitted without written pleadings to support it will not be erroneous unless objection upon that ground is made. 6 T.B.J. 77, No. 88. Also, under Rule 324, Texas Rules of Civil Procedure, a motion for a new trial in behalf of appellee, "where he complains of the judgment or a part thereof," is a necessary prerequisite of appeal by appellee.

Appellants contend that the jury's answer, finding that the sheep damaged the oat crop $225 by grazing thereon, and its finding that the pasturing of the oat field destroyed the oat crop are in conflict, requiring a reversal of the judgment. The contention is not sustained.

■ It is true Special Issue No.6 asked the jury to find "what amount of damages" was done to the oat crop by grazing the sheep thereon, but under the issue made by the evidence and the trial thereon this issue was intended to ask the jury to find what the grazing of the oat field was worth to appellee, or what value he derived from the unauthorized grazing of the oat field by his sheep. The only evidence adduced on said issue No. 6 was to the effect that the grazing or pasturage value of the oat crop was $75 per month. The evidence showed that appellee grazed his sheep on the oat field three or more months. The jury evidently found the grazing period to be three months, which at $75 per month would aggregate $225. There was no pleading or evidence that the oat crop was damaged by grazing it. In making their point (12) as to the claimed conflict, appellants state that the "jury found in answer to Special Issue 6 that the grazing was worth $225, and found in answer to Special Issue No. 8 that plaintiff destroyed the value of the oat crop by grazing his sheep thereon." Manifestly there is no conflict in the finding that

grazing of the oat crop was worth the sum of $225, and the finding that he destroyed the value of the crop as such by grazing his sheep thereon. The issue of destruction of the oat crop by grazing it was admitted and need not have been submitted to the jury. Its destruction by appellee related to his alternative ground of recovery and the defense thereto that appellants destroyed the oats; which ground was abandoned by appellee and not submitted. The issue of the grazing worth or value of the oat crop to appellee was raised and tried under the theory or claim that appellee had received the full value of his oats by grazing his sheep on the oat field. He had not so received the full value of the oats, but had received the value of grazing the oats, which was shown to be $75 per month for about three months. By pleadings he also defended on the ground that appellants' agents and representatives authorized and requested him to graze the oat field so as to remove the growing oats and vegetation as an obstruction to the use of the land as a landing field for airplanes. He failed to prove that the parties who so instructed him were the agents or representatives of appellants, and no issue thereon was requested or submitted to the jury.

■ The several points of appellants that the court erred in not sustaining their special exceptions to the pleadings of appellee that the agents of appellants authorized appellee to graze the oat field, because such agents were not named, do not show reversible error. Appellee was unable to make the proof as to such agents, and the jury were instructed to not consider any evidence as to what such purported agents told appellee. No harm was shown to have resulted in the premises to appellants.

■ No reversible error appears by reason of appellee testifying that certain airplanes landed on the field by parties other than appellants, thereby damaging his crop. The court instructed the jury orally not to consider this testimony. No reversible error appears because the court did not instruct the jury in writing to disregard the testimony.

■ Nor does any error appear as the result of appellee being permitted to testify that he did nothing to injure the field as a landing field for airplanes. Nor did appellee allege that he sold his oat crop to appellants for $1,600. He alleged and testified to the facts as to the agreement to pay

him $1,600 for his oat crop and the remainder of his leasehold estate in the 112-acre tract of land. Appellants never intended to buy or harvest the oat crop, but intended to lease the land for landing airplanes.

The judgment is affirmed.

Affirmed.