Ann PERKINS et vir, Petitioners,

v.

Milford Vernon FREEMAN, Jr., Respondent.

No. B–4377.

Supreme Court of Texas.

Sept. 24, 1974.

Rehearing Denied Oct. 30, 1974.

Everett B. Lord, W. G. Walley, Jr., Beaumont, for petitioners.

Adams and Browne, Gilbert T. Adams, Beaumont, for respondent.

DENTON, Justice.

This is a child custody case. The only question to be decided here is whether the trial court's allowance of six peremptory challenges each to the defendant and intervenors, while allowing the plaintiff six peremptory challenges, constitutes reversible error. The trial court rendered judgment on the verdict in favor of Milford Vernon Freeman, the natural father. The court of civil appeals affirmed the judgment of the trial court with one justice dissenting. 501 S.W.2d 424. We reverse and remand.

Ann Perkins and Milford Freeman, Jr., were formerly husband and wife, and they are the natural parents of a minor daughter. Their marriage was dissolved by divorce on January 7, 1971, and the father was awarded custody of the child. This suit was subsequently filed by Mrs. Perkins for change of custody alleging a material change of conditions. The paternal grandparents of the child intervened. The plaintiff below moved that the defendant and intervenors be allowed a total of six peremptory challenges between them because no real controversy existed between them. The trial court overruled the motion and allowed the defendant and intervenors six challenges each and six challenges to the plaintiff.

Rule 233, Texas Rules of Civil Procedure provides that each party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court. The courts have consistently held that the mere fact that there may be multiple parties-defendant does not entitle each person to six peremptory challenges. Whether such defendants are parties within the meaning of Rule 233, so as to entitle them to separate peremptory challenges, depends on whether their interests are, at least in part, antagonistic in a matter that the jury is to be concerned with. Shell Chemical Company v. Lamb, 493 S.W.2d 742 (Tex.1973); Retail Credit Co. v. Hyman, 316 S.W.2d 769 (Tex.Civ.App.1958, writ ref.); O'Day v. Sakowitz Brothers, 462 S.W.2d 119 (Tex.Civ.App.1970, writ ref. n. r. e.); M. L. Mayfield Petroleum Corporation v. Kelly, 450 S.W.2d 104 (Tex.Civ.App.1970, writ ref. n. r. e.); Brown & Root, Inc. v. Gragg, 444 S.W.2d 656 (Tex.Civ.App.1969, writ ref. n. r. e.).

Article 2151a, Vernon's Annotated Civil Statutes reads as follows:

"After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

The court of civil appeals quoted this statute which became effective July 15, 1971, and prior to the time this case was instituted, but held that the statute had not altered the basic rule that a trial court must determine from the pleadings whether or not multiple parties are antagonistic as to a matter to be submitted to the jury. We do not agree.

The statute specifically requires the trial court to align the parties. After a proper alignment of parties it is "the duty of the court to equalize the number of peremptory challenges" as provided for under

Rule 233. This equalizing of the number of peremptory challenges is to be done "in accordance with the ends of justice so that no party is given an unequal advantage." The alignment of parties is to be made not only on the basis of the pleadings but from a determination of the interests of the parties by information disclosed from pre-trial procedures and which has been specifically called to the attention of the court.

After the issues between the plaintiff and defendant had been joined the paternal grandparents filed a petition in intervention in this custody suit. In the original petition, the intervenors asserted that they had actual custody of the child prior to the divorce; and that conditions had changed materially following the rendition of the divorce decree in January 1971; that neither parent, plaintiff nor defendant, were fit persons to have custody of the child and prayed that they be awarded its custody. Subsequently, intervenors filed their first amended petition of intervention. In this pleading they abandoned the allegations that the defendant was unfit to have custody of the child. They pleaded that the defendant was not unfit; that the plaintiff was unfit: and that it would be in the best interest of the child to leave its custody unchanged; but if it should be changed the custody should be awarded to intervenors. Finally, intervenors filed a second amended petition upon which they went to trial. This petition alleged that plaintiff was unfit to have custody of the child; that the defendant was originally awarded custody; and no further mention was made of the defendant nor of any change of conditions. The petition prayed for custody to be awarded to the intervenors.

It is evident from the pleadings of the intervenors that there was no antagonism between the intervenors and defendant. The last two pleadings of the intervenor, including the pleading upon which the trial proceeded, did not allege change of conditions or that the defendant was unfit to have custody of the child. All pleadings asserted the unfitness of the plaintiff to have custody of the child. The interest of the intervenors and defendant was clearly not antagonistic on the issues submitted to the jury. The defendant and the intervenors were united in a common cause of action against the plaintiff. They both primarily sought to retain custody of the minor child in the defendant or in the intervenors in the alternative. They both sought to prevent custody to be awarded to the plaintiff. We are of the opinion that the awarding of six peremptory challenges to both the defendant and the intervenors gave them an unequal advantage; and that this unequal advantage was so materially unfair that the judgment cannot be upheld.

The award to the defendant and intervenors of double the amount of peremptory challenges to which they were not entitled is calculated to cause the trial to be materially unfair. Tamburello v. Welch, 392 S.W.2d 114 (Tex.1965); Tuloma Gas Products Company v. Lehmberg, 430 S.W.2d 281 (Tex.Civ.App.1968, writ ref. n. r. e.).

The judgments of the courts below are reversed, and the cause is remanded to the trial court for a new trial.