Esther Ritz LIPSHY, Appellant,

v.

Ben and Udys LIPSHY et al., Appellees.

No. 18596.

Court of Civil Appeals of Texas, Dallas.

June 12, 1975.

Rehearing Denied July 7, 1975.

John E. Agnew, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Elgar L. Robertson, John L. Hauer, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Judge.

■ Esther Ritz Lipshy brought this action against her husband Bruce Arlen Lipshy, seeking a divorce, division of community property, and the appointment as managing conservator of their three minor children. Bruce Arlen Lipshy responded with a general denial and later filed a cross-action in which he sought to be appointed managing conservator of the children. Subsequently, Ben and Udys Lipshy, the paternal grandparents of the children, intervened and sought to be appointed managing conservators. In her notice of appeal, Esther Ritz Lipshy specifically limits the scope of her appeal to the jury's verdict and entry of judgment by the court concerning custody of the minor children.[1] In her first two points of error, petitioner contends that the trial court erred in allowing the intervenors and respondent six peremptory challenges each. Before considering these points of error brought forward by petitioner, it is necessary to resolve a preliminary matter presented by the intervenors. Intervenors now take the position that petitioner is estopped from attacking the "composition or integrity of the jury as she has attempted to do so in her points one, two and three of her brief, for the reason that she has accepted the benefits of all portions of the verdict and the judgment based thereon other than special issues nine and ten of such verdict [regarding custody of the children]." We cannot agree with intervenors and overrule their contention.

■ It is well settled that when a judgment is severable a litigant may accept the benefits which an adverse party concedes, or is bound to concede under the

---

1. Although petitioner has effectively limited the matters she may assert on appeal, her failure to serve notice upon respondent Bruce Arlen Lipshy within the fifteen-day period provided by Texas Rules of Civil Procedure 353(c) does not preclude respondent husband from presenting cross-points of error pertaining to matters not within the limitation imposed by petitioner. This right, of course, may be denied if respondent husband failed to properly preserve his error or errors in the trial court.

judgment, and is not estopped to prosecute an appeal which involves only his right to further recovery. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). Issues relating to custody of children are severable from issues relating to the decree of divorce, division of property, and other matters. *Esparza v. Esparza*, 382 S.W.2d 162, 168 (Tex.Civ.App.—Corpus Christi 1964, no writ); *Phelps v. Phelps*, 307 S.W.2d 956, 958 (Tex.Civ.App.—San Antonio 1957, no writ, J. Pope); *Powell v. Powell*, 199 S.W.2d 285, 288 (Tex.Civ.App.—Beaumont 1946, no writ); *accord, Texas Employment Commission v. Brasuell*, 235 S.W.2d 950, 952 (Tex. Civ.App.—Eastland 1950, writ dism'd); *Pritzen v. Pritzen*, 197 S.W.2d 363, 366 (Tex. Civ.App.—Beaumont 1946, no writ). A reversal of the judgment regarding managing conservatorship cannot affect her right to benefits already secured under the judgment. Although petitioner's points of error regarding the number of peremptory challenges allowed could affect the entire judgment rendered, she is not estopped from appealing a severable portion thereof. By electing to appeal from only the child custody judgment, it does not necessarily follow that petitioner is treating the entire judgment as both right and wrong. She could be dissatisfied with portions of the judgment and yet not desire to appeal from these portions.

We now turn to a consideration of petitioner's points of error. As previously indicated, petitioner contends in points of error one and two that the trial court committed reversible error by allowing six peremptory challenges each to the respondent husband and intervening grandparents, while allowing petitioner only six peremptory challenges. We sustain these points.

Tex.R.Civ.P. 233 provides that "[e]ach party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court . . . ." This rule was supplemented by the enactment of Tex.Rev. Civ.Stat.Ann. art. 2151a (Vernon's Supp. 1974) which provides:

After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party.

■ The Supreme Court has definitely held that whether a litigant is a party within the meaning of rule 233, so as to entitle him to separate peremptory challenges, depends upon whether his interests are, *at least in part*, antagonistic to other litigants in a matter with which the jury is to be concerned. *Perkins v. Freeman*, 518 S.W.2d 532, 533 (Tex.1974); *Tamburello v. Welch*, 392 S.W.2d 114, 116 (Tex.1965). The Supreme Court in *Perkins, supra*, pointed out that the existence of this antagonism is to be resolved not only on the basis of the pleadings of the parties but also from a determination of the interest of the parties from information which has been called to the attention of the trial court during pretrial procedures. The question of antagonism must be resolved in the light of the information which was presented to the trial court prior to the time of the exercise of the peremptory challenges and not by circumstances or events which may have transpired following that occasion. *City of Amarillo v. Reid*, 510 S.W.2d 624, 629 (Tex. Civ.App.—Amarillo 1974, writ ref'd); *accord, Perkins v. Freeman*, 518 S.W.2d 532, 533 (Tex.1974). Petitioner argues that at the time the trial court made the decision to allow both respondent husband and intervening grandparents six peremptory challenges each, and only six peremptory challenges to her, that the interests of respondent and intervenors were not antagonistic to one another, at least in part, in matters that the jury was to be concerned with and, therefore, the trial court committed prejudicial error requiring reversal.

While it is true that intervenors' pleadings indicate antagonism,[2] the pre-trial evidence presented to the trial court reveals clearly that there was no substantial antagonism between the intervenors and respondent. This conclusion is based primarily on several points.

(1) Intervenor Udys Lipshy, in her deposition, stated:

If Bruce [respondent] can't get custody then I want custody . . . . Because if I have custody, it's like Bruce having custody. He will be there day and night with those children, and you know it as well as I do . . . . Oh, I would love for their father to have custody of them, and if he can't, I want it, because he would have custody.

■ This testimony clearly reveals that intervenors primarily sought to have custody of the minor children awarded to the respondent, or, in the alternative, with the intervenors which would result in respondent having effective custody. Following the jury verdict, intervenor Udys Lipshy attempted to clarify her statement that "if I have custody, it's like Bruce having custody." However, as said in *City of Amarillo v. Reid, supra*, the issue as to the allowance of peremptory challenges is not to be determined by hindsight, and even if this particular statement had been clarified during pre-trial, it fails to negate the intervenors' primary concern which was the appointment of respondent as managing conservator.

(2) Respondent husband testified that he wanted custody of the children, but that if this were not possible then he hoped his parents would be appointed managing conservators. His primary concern was that the children should be raised in a "Lipshy environment" rather than under the influence of the petitioner and her family.

(3) At the time respondent filed his original answer to petitioner's action for divorce, he was represented by both attorneys Hauer and Robertson. Subsequently, when the intervenors decided to enter the suit, attorney Robertson withdrew as attorney for respondent and filed a petition for intervention on behalf of the grandparents. In the pre-trial testimony, it was revealed that respondent recommended and approved the intervenors' retention of Robertson as their attorney because the attorney was familiar and intrinsically involved with the lawsuit. This recommendation was made after respondent discussed with his father and mother their intervention in the case.

(4) After the trial court ruled that respondent and intervenors would each be allowed six peremptory challenges, petitioner asked the court that respondent and intervenors be instructed not to confer with each other regarding challenges which they were to exercise. During a discussion of this matter, respondent's attorney stated that "although we are antagonistic to one another, we have . . . one common opponent, and that would be Mr. Carter [petitioner's attorney]. In other words, there is a three-party lawsuit, and it's to both our advantages to cut people [who] might favor Mr. Carter." This statement, in addition to the evidence previously set forth, clearly reveals that the respondent and intervenors were united in a common cause of action against the petitioner on the issue of custody of the children. Each sought to prevent petitioner from being awarded custody of the children. Once this intention was achieved, then the intervenors favored the appointment of respondent as managing conservator and, although respondent undoubtedly wanted to be appointed managing conservator, he would have been satisfied by the appointment of his parents.

2. Intervenors' pleadings provide,

Intervenors pray that . . . it would be in the best interest of the children of the marriage of petitioner and respondent that the intervenors be appointed the managing conservators, and, in the alternative . . . that they be appointed possessory conservators.

From the evidence that was before the court during pre-trial procedures, it is apparent to us that the relationship between intervenors and respondent, insofar as managing conservatorship is concerned, was not antagonistic and hostile to the extent that each of the parties was entitled to six peremptory challenges.

■ As stated by the Supreme Court in *Perkins v. Freeman*, 518 S.W.2d 532 (Tex. 1974), an award to the respondent and intervenors of double the number of peremptory challenges to which they were entitled is so materially unfair that a judgment cannot be upheld. *Id.* at 534. The right to strike a prospective juror for any reason that seems adequate to counsel is the very essence of the peremptory challenge. Jurors who are not prejudiced in a legal sense are frequently challenged because of their background, associations, appearance or demeanor. A litigant who is denied the right to challenge on that basis is deprived of a valuable means of "insuring that the controversy is decided by a jury whose members are not predisposed by reason of temperament or prior experience to look with disfavor upon his side of the case." *Tamburello v. Welch*, 392 S.W.2d 114, 117 (Tex. 1965). This right can be especially important in divorce and child custody litigation where moral, cultural and religious *mores* are often the basis for interpreting evidence and determining the issues presented. We hold that the action on the part of the trial court in awarding intervenors and respondent twice the number of jury challenges as

that awarded to petitioner was so materially unfair that petitioner was denied a fair trial. Accordingly, we sustain petitioner's points one and two and reverse and remand the case to the trial court on the issues of conservatorship.

In view of our action, it becomes unnecessary to pass upon or consider the remaining points presented by petitioner.

Respondent presents four cross-points of error. Two of these points attack the appointment of intervenors as managing conservators and the remaining two points contest the award of attorney's fees to petitioner. Petitioner argues that we should not consider respondent's cross-points for the reason that respondent failed to timely file his motion for new trial, notice of appeal or in any manner to effectively apprise the trial court of any objection or complaint he had with the judgment rendered. Without passing upon the merits of petitioner's contention,[3] we hold that respondent's cross-points three and four cannot be sustained. The first two points become immaterial in the light of our action in sustaining petitioner's first two points of error and reversing judgment on the issues of conservatorship.

In cross-points three and four, respondent asserts that the award of $45,000 to the petitioner for attorney's fees is violative of the Texas Equal Rights Amendment. We cannot agree.

■ It is well settled that in a divorce case, the trial court is clothed with wide

---

**3.** Respondent's cross-assignments are based on the judgment rendered in compliance with the jury's answers to various special issues. Respondent did not file a motion for new trial or a timely notice of appeal but did generally except to the court's judgment. Tex.R.Civ.P. 324 provides that "[a] motion for new trial shall not be necessary in behalf of appellee where he does not complain of the judgment or a part thereof." If a litigant, however, is complaining of a portion of the judgment, which does not come within any of the provisions of rule 324 alleging the necessity for filing a motion for new trial, then he has waived the asserted errors.

*Nixon v. Nixon*, 348 S.W.2d 438, 441 (Tex. Civ.App.—Houston 1961, writ dism'd); *Furrh v. Furrh*, 251 S.W.2d 927, 934 (Tex. Civ.App.—Texarkana 1952, writ ref'd n. r. e.); *Edgar v. Schmidt*, 243 S.W.2d 414, 417 (Tex.Civ.App.—Austin 1951, no writ); *Long v. Mooring*, 183 S.W.2d 232, 233–34 (Tex. Civ.App.—Austin 1944, no writ); *Walker-Smith Co. v. Coker*, 176 S.W.2d 1002, 1009 (Tex.Civ.App.—Eastland 1943, writ ref'd w. o. m.). A general exception to the verdict would certainly not be an effective substitute for a required timely motion for new trial.

discretion in disposing of the community property of the parties, and such division will not be disturbed on appeal unless it is shown that the trial court abused its discretion by making an unjust settlement between the parties. *Allen v. Allen*, 363 S.W.2d 312, 316 (Tex.Civ.App.—Houston 1962, no writ); *Eaton v. Eaton*, 226 S.W.2d 644, 645 (Tex.Civ.App.—Galveston 1950, no writ). The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all attendant circumstances. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950). Respondent has completely failed to demonstrate that the trial court's award of attorney's fee to petitioner was something other than a factor which the court considered in its division of the parties' community property. The fact that the $45,000 granted petitioner was listed separately from the division of the community assets does not compel the conclusion that the award was based on the sex of the litigants. Although the practical effect of a decree that the husband pay all the wife's attorney's fees may be to award him less of the community estate than that awarded to the wife, this property division may be necessitated by such factors as disparate earning capacities, business opportunities and ability. Moreover, pursuant to the Texas Equal Rights Amendment, the Constitution of Texas, Article I, § 3a, Vernon's Ann.St., these factors may justify the recovery of an attorney's fee by the husband rather than by the wife. The amendment does not simply preclude recovery by a woman. Since respondent has not demonstrated that the attorney's fee awarded to petitioner was based on her sex, we find no merit in respondent's counterpoints.

The judgment of the trial court, insofar as it relates to the conservatorship of the three minor children involved, is reversed and remanded to the trial court for further proceeding.

Reversed and remanded.