Donn **GREINER**, Appellant,

v.

Deborah **ZINKER**, Appellee.

No. 8155.

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1978.

Rehearing Denied Dec. 7, 1978.

Kelly O'Connor, San Antonio, for appellant.

Michael Putman, San Antonio, for appellee.

DIES, Chief Justice.

Deborah Zinker, plaintiff below, sued Donn Greiner, Roy Schneider and Richmond Victory, defendants below, for personal injuries received in a multi-vehicle collision on Interstate Highway 410 West in San Antonio. Both defendant Schneider and defendant Victory settled with the plaintiff prior to the time jury selection began. The jury was not advised of that settlement. Each defendant had brought a cross action against the others for contribution and indemnity. Defendant Greiner filed a motion to limit strikes, but the court nevertheless granted each defendant and the plaintiff six peremptory strikes.

After a jury verdict, judgment was given plaintiff against defendant Greiner; relief against defendants Victory and Schneider was denied, and all costs were taxed against Greiner. It is from this judgment Greiner perfects this appeal.

His first point complains of the court's granting the two settling defendants and the plaintiff each six strikes.

Tex.Rev.Civ.Stat.Ann. art. 2151a (Vernon Supp.1976) reads as follows:

"After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

The term "each party" in the Rule (*Tex.R. Civ.P. 233*) means each litigant or group of litigants whose interest is *antagonistic* to another litigant or group of litigants. *Retail Credit Co. v. Hyman*, 316 S.W.2d 769 (Tex.Civ.App.—Houston 1958, writ ref'd); *Perkins v. Freeman*, 518 S.W.2d 532, 533 (Tex.1954). The equalizing of the number of peremptory challenges is to be done "in accordance with the ends of justice so that no party is given an unequal advantage." *Perkins v. Freeman*, supra at 534. See also *Council v. Bankers Commercial Life Ins. Co.*, 558 S.W.2d 487 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.).

In the case at bar, plaintiff agreed to settle with defendants Schneider and Victory irrespective of the outcome of the trial; Victory to pay her $6,000, Schneider to pay $6,750. In return plaintiff agreed to settle her cause of action against Victory and Schneider but to continue her prosecution against Greiner. Plaintiff agreed to dismiss the suit against Victory and Schneider after the submission of the case to the jury but prior to the return by the jury of a verdict. Plaintiff further agreed to indemnify and hold harmless Victory, Schneider, and Allstate Insurance Co. in any suit for contribution or indemnification by Greiner or his successors in interest. We believe under these circumstances, the necessary "antagonism" was lacking, and it was error to accord Victory, Schneider, and the plaintiff eighteen strikes from a panel of about forty prospective jurors. We note that plaintiff and the settling defendants did not cross on any one of their eighteen strikes. Defendant Greiner's (appellant's)

first point of error is sustained, and this cause is remanded to the trial court for a new trial. Costs are equally divided between plaintiff, defendant Victory, and defendant Schneider.

REVERSED and REMANDED.