Tina Marie GARCIA, et al., Appellants,

v.

CENTRAL POWER & LIGHT CO., et al., Appellees.

No. 13–84–304–CV.

Court of Appeals of Texas, Corpus Christi.

June 13, 1985.

Rehearing Denied Sept. 5, 1985.

Dan Pozza, Pasqual & Pozza, San Antonio, for appellants.

Ronald B. Brin, Brin & Brin, Corpus Christi, Gay C. Brinson, Jr., Vinson & Elkins, Houston, Cecil D. Redford, Richard E. Flint, Head & Kendrick, Corpus Christi, Ryan E. Stevens, Darrell L. Barger, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a wrongful death suit brought by the Plaintiffs (Appellants herein) as the surviving beneficiaries and heirs of David Anthony Garcia, deceased, for actual damages against Defendants (Appellees herein), Sargent & Lundy, Mid-West Conveyor, Inc. (Mid-West), and H.B. Zachry Company (H.B. Zachry); and for exemplary damages against Central Power & Light Company (CP & L). After a trial to a jury, a take-nothing judgment was rendered against appellants. Appellants do not challenge the findings of the jury. We affirm the judgment of the trial court.

The record shows that David Anthony Garcia was employed by Central Power & Light Co. as a helper in the coal-handling section of the Coleto Creek Power Station in Goliad County, Texas. On February 5, 1982, Garcia was assigned to work on the bulldozer in the area of the coal reclaim pile. His job was to bulldoze coal toward the center of the pile so that the coal would fall down the feeder grates and onto an underground conveyor belt that carried the coal to the plant for fuel. Garcia was dozing near the "live storage pile" when he called the control room and stated that he saw something on the "reclaim." Garcia apparently got off this "coal dozer" and entered the cut-out place in the active coal pile. His body was subsequently found buried in the coal pile, and he died shortly thereafter.

Appellants filed suit against appellee, CP & L, alleging gross negligence because of the alleged failure to provide a safe working place for its employee. Appellants also brought suit for joint and several liability against Sargent & Lundy (the design engineer); Mid-West (the contractor of the coal-handling system); and H.B. Zachry (the general contractor), alleging specific acts of negligence and/or products liability with reference to their respective responsibilities

for the design and construction of the plant.[1]

All four appellees (defendants) were united in denying that there was any defective product or negligence causing the accident and in contending that appellants' decedent was 100% negligent, which contributed to his death. However, Mid-West and Sargent & Lundy also alleged that the accident was caused solely by another defendant's actions or omissions.[2]

After evidence was presented, twenty-three special issues on the liability of each appellee and the decedent were submitted to the jury. By a ten-to-two verdict, the issues were answered against appellants and for exoneration of all four appellees. A take-nothing judgment was rendered against appellants. Appellants timely filed a motion for new trial in which they complained of the allocation of peremptory challenges to the appellees. This motion was denied, and appellants have appealed.

Appellants' sole complaint on appeal is that the trial court erred in allocating ten peremptory challenges to the four appellees and allocating appellants only six such challenges. In support of all four points of error, appellants contend that the trial court's award of peremptory challenges was error because no antagonism or, alternatively, insufficient antagonism, existed between the defendants (appellees). Further, appellants contend that the allowance of a total of ten peremptory challenges to the appellees and the allowance of only six such challenges to them resulted in a trial that was materially unfair, thus requiring reversal. We disagree.

Rule 233, Texas Rules of Civil Procedure, (Vernon Supp.1985), provides that each party to a civil suit tried in a district court shall be entitled to six peremptory challenges. The term "each party," as used in the Rule, does not mean the same thing as the word "person," but means each litigant or group of litigants whose interest is antagonistic to another litigant or group of litigants. *King v. Maldonado*, 552 S.W.2d 940 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Retail Credit Co. v. Hyman*, 316 S.W.2d 769 (Tex.Civ. App.—Houston 1958, writ ref'd). When antagonistic parties on the same side are required to share six strikes, it is error amounting to a violation of the basic right to trial by jury. *See Rivas v. Liberty Mutual Insurance Co.*, 480 S.W.2d 610, 612 (Tex.1972).

The antagonism must exist between litigants on the same side, vis-a-vis each other. Antagonism does not exist merely because of differing conflicts with the opposing side; i.e., when a plaintiff sues multiple defendants alleging different acts or omissions against each defendant. *Patterson Dental Co. v. Dunn*, 592 S.W.2d 914 (Tex.1979).[3] Antagonism would exist, however, if each of the defendants alleged that the fault of another defendant was the sole cause of plaintiff's injury. *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742 (Tex.1973); *Tamburello v. Welch*, 392 S.W.2d 114 (Tex.1965).

The existence of antagonism is not a matter within the discretion of the trial court; it is a question of law whether *any* of the litigants aligned on the same side of the docket are antagonistic with

1. Appellants agreed to H.B. Zachry's plea of privilege to be sued in Bexar County, Texas, and, prior to trial, this defendant's plea in abatement was granted. H.B. Zachry appeared and remained in the present suit as a third-party defendant as a result of the cross-actions filed by Sargent & Lundy and Mid-West.

2. Mid-West and Sargent & Lundy both filed cross-actions against each other, CP & L and H.B. Zachry, affirmatively pleading the doctrine of comparative fault, and sought indemnity and/or contribution from such cross-defendants in the event they were ultimately found liable for the accident. CP & L also filed a cross-action against Sargent & Lundy and Mid-West, seeking indemnity and/or contribution from these two defendants if blame were placed on CP & L. In addition, each cross-defendant answered by way of denial to the respective cross-actions asserted against them.

3. The cases of *Patterson Dental Co. v. Dunn* and *King v. Maldonado*, cited herein, involved the interpretation of article 2151a, which was repealed April 1, 1984, by Rule 233.

respect to *any* issue to be submitted to the jury. *Perkins v. Freeman*, 518 S.W.2d 532 (Tex.1974). The existence of antagonism must be determined prior to the exercise of the strikes by the parties. The trial court must consider the pleadings, information disclosed by pretrial discovery, information and representations made during voir dire of the jury panel and any other information brought to the attention of the trial court. *Id.* at 534; *see generally* Sheehan & Hollingsworth, *Allocation of Peremptory Challenges Among Multiple Parties*, 10 St. Mary's L.J. 511 (1979). Further, the existence or nonexistence of cross-actions or third-party actions is not determinative, but it is a factor to be considered by the trial court. *Patterson Dental Co. v. Dunn*, 592 S.W.2d at 918; *see Turner v. Turner*, 385 S.W.2d 230, 238 (Tex.1964).

Rule 233 requires the trial court to first align the parties before determining the question of jury strikes. In the present case, the trial court aligned the parties timely. The propriety and correctness of the alignment is not questioned in this appeal. Rather, appellants contend that, since all four appellees had a common defensive theory (i.e., contributory negligence on the part of Garcia), they should have been designated as one "party" and, therefore, they were only entitled to a total of six peremptory challenges. By this argument, appellants have confused the antagonism issue by focusing on the position of each defendant as against the plaintiff, rather than focusing on the positions of the defendants against each other. The essential consideration is whether the defendants are antagonistic with respect to each other. *See Perkins v. Freeman*, 518 S.W.2d at 533; *Greiner v. Zinker*, 573 S.W.2d 884, 885 (Tex.Civ.App.—Beaumont 1978, no writ).

During the pre-trial hearing conducted immediately before the voir dire examination, the trial court asked for discussion on the allocation of peremptory challenges. Appellants briefly presented to the trial court a statement of the case and their pleadings against each appellee.[4] Counsels for the appellees (CP & L, Sargent & Lundy and Mid-West) informed the court that they were all united in denying their respective allegations of negligence and/or strict liability and that their pleadings assert the contributory negligence of appellants' decedent as the cause of his death. Counsel for appellee H.B. Zachry, acting by agreement of all four defendants (appellees), requested twelve or fourteen strikes to be allocated among them. The remaining three defendants (appellees) also agreed to allow appellee CP & L half of the strikes allocated among them on the understanding that they would be entitled to confer in making peremptory challenges.

At this time, counsel for appellants presented the following argument:

"whether the antagonism exists, and if the Court will look at their answers and affirmative defenses, I don't think they name a single other Defendant in any of their respective pleadings. *There may be some antagonism in just asking for the allocation of fault under Dunn or under 22.12A—under Duncan under 22.12A but that antagonism would be very minor* ...

*Whatever small amount of antagonism may exist on the part of these respective Defendants can be cured by eight or nine as a total to them,* in accordance with the case which Justice Spears cites with approval from *Patterson vs. Dunn* ...." (Emphasis added)

Thereafter, the trial court granted CP & L four peremptory challenges and each of the other three appellees were allowed two

---

4. In simplest terms, CP & L was charged with gross negligence for failing to properly train and warn its employees about the hazards of the coal pile. Appellants charged Sargent & Lundy with professional negligence in the design of the coal plant. Mid-West was charged in strict liability with failure to warn and defective design of its coal-handling equipment, as well as with negligence in failing to design and provide warnings of danger. H.B. Zachry, the general contractor, was charged with negligence in failing to recognize and rectify the hazards or by informing the other defendants of the hazards associated with the area of the active coal pile.

challenges; a total of ten peremptory challenges between all four defendants (appellees). The trial court then granted appellants six peremptory challenges.

■ We hold that the trial court properly determined that antagonism existed among the various defendants in light of the circumstances as they appeared immediately prior to jury selection. Aside from appellants' admission of antagonism with respect to the fact and comparative causation issues to be submitted to the jury (special issues numbers 1–15), the pleadings themselves established antagonism as between the appellees. Both Mid-West and Sargent & Lundy pled that the accident was caused solely by the actions of "plaintiff's decedent, David Anthony Garcia," any other defendant, third-party defendant and strictly liable defendant. *See Shell Chemical Co. v. Lamb*, 493 S.W.2d at 745; *Tamburello v. Welch*, 392 S.W.2d at 116. Further, Sargent & Lundy, Mid-West and CP & L asserted cross-actions against each other and H.B. Zachry, affirmatively seeking indemnity and contribution. Each cross-defendant, including H.B. Zachry, filed general denials in response to the various cross-actions asserted against them. Under these circumstances, the question of indemnity required that fact issues be resolved by the jury before the right to indemnity, if any, could be determined. Therefore, the trial court correctly concluded that, at the time of jury selection, there was antagonism as a matter of law between the appellees that entitled them to additional strikes. *See Patterson Dental Co. v. Dunn*, 592 S.W.2d at 919.

Once it was determined that antagonism existed between the parties on the same side, Rule 233 required the trial court to "equalize the number of peremptory challenges so that no litigant or side is given unfair advantage as a result of the alignment of the litigants and the award of peremptory challenges to each litigant or side." Thus, Rule 233 does grant discretionary power to the trial court in allocating strikes. *Id.* at 920.

Following the voir dire examination and prior to the selection of the jury, counsel for appellants made what appears to be a motion to equalize the number of challenges pursuant to Rule 233. Appellants objected to the "manner in which the strikes have been allocated between the sides." Specifically, appellants argued that there was no antagonism as a matter of law between the appellees and for that reason the strikes should be "equalized between the sides, six and six, as opposed to six and ten." Secondly, appellants contended that, if the court determined that some antagonism did exist, it was so slight that it would be an abuse of discretion to award ten strikes to the appellees as compared to six strikes to them. At no time did appellants request more than six strikes, nor did they assert any complaint for receiving no more than six. Their complaint then, was only that appellees were allowed too many strikes.

We find that the ten-to-six disparity of strikes allowed did not constitute an abuse of discretion by the trial court. Forty jurors were called. The first juror was excused for cause without objection. Both appellants and Mid-West struck the sixteenth juror. The jury was selected by the appellants' exercise of their remaining five strikes and the appellees' combined exercise of their remaining nine strikes. Thus, the appellees' exercise of three additional strikes (considering the duplicate strike) did not have the effect of allowing the appellees to select the jury which would try their case. In fact, appellants suggested, prior to voir dire, that eight or nine strikes to all appellees would be adequate proportionalization of the strikes.

■ We hold that the trial court properly exercised its discretion to equalize the number of peremptory challenges in accordance with the ends of justice. TEX.R.CIV.P. 233. The award of ten peremptory challenges among the four appellees and six such challenges to the appellants was well within the allowable two-to-one ratio. *See Patterson Dental Co. v. Dunn*, 592 S.W.2d at 920; *Longoria v. Atlantic Gulf Enter-*

*prises,* 572 S.W.2d 71, 80 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.); *King v. Maldonado,* 552 S.W.2d at 945; *Dean v. Texas Bitulithic Co.,* 538 S.W.2d 825, 826 (Tex.Civ.App.—Waco 1976, no writ). Further, appellants have not alleged, nor does the record reflect, that they were forced to accept any otherwise unacceptable or disqualified jurors, or that any of the jurors were prejudiced against appellants. We hold that the trial court did not err in awarding the various peremptory challenges. As such, it is not necessary for us to discuss appellants' contentions that the action of the trial court resulted in a trial that was materially unfair. *See Lorusso v. Members Mutual Insurance Co.,* 603 S.W.2d 818, 821 (Tex.1980); *Tamburello v. Welch,* 392 S.W.2d at 118. Appellants' first through fourth points of error are overruled.

The judgment of the trial court is Affirmed.

## OPINION ON MOTION FOR REHEARING

In appellant's Motion for Rehearing, she urges that our opinion in this cause is in conflict with our opinion in *Missouri Pacific Railroad Co. v. Huebner,* 704 S.W.2d 353 (1985) and an opinion of the San Antonio Court of Appeals in *Lopez v. Foremost Paving, Inc.* No. 04–84–032–CV (June 12, 1985, not yet reported). We find that both cases are distinguishable from the one before us. We overrule the motion for rehearing.

In *Huebner,* the administrator had entered into a pretrial agreement with two co-defendants whereby the plaintiffs were guaranteed a certain amount of money. Since the parties in *Huebner* had entered into an agreement, the settling defendants would not have a jury issue submitted in which they would be antagonistic. In the case at bar, none of the defendants had entered into any agreements with the appellant. Each of the defendants was potentially liable on the fact issues and the comparative fault issues to be submitted to the jury. Although all of the defendants had a common interest in placing the responsibility on the appellant, there was sufficient antagonism with regard to each other to justify the apportionment of jury strikes.

In the *Lopez* case, the San Antonio Court determined that the defendants had the common purpose of defeating plaintiff's negligence claims. The court held that the trial court was in error in apportioning the peremptory challenges as they had, but that the error was harmless. In the case at bar, two defendants plead that the accident was the "sole cause" of the negligence of the other defendants as well as the plaintiff's decedent. Furthermore, the jury here was asked to determine the individual negligence of each of the defendants and to apportion their respective fault.

We have determined that our original opinion is correct and that neither of the above cited opinions conflicts with the opinion. Accordingly, we overrule the motion for rehearing.