# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0957
════════════

IN RE FORD MOTOR COMPANY, RELATOR

═══════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════════

**Argued December 3, 2013**

JUSTICE BOYD, dissenting.

For the most part, I agree with the Court's construction of section 71.051 of the Texas Civil Practice and Remedies Code in this case, and I generally disagree with Justice Johnson's conclusion that the Court "errs by reading language into the statute." *Ante* at ___ (Johnson, J., dissenting). But I agree with Justice Johnson's conclusion that the Court "errs by misapprehending the interests of the intervenors," *id.*, and with his forum non conveniens analysis, so I too dissent, but for slightly different reasons.

The issue in this case is whether the intervenors, who are Texas residents, are "plaintiffs" and thus protected from forum non conveniens dismissal under section 71.051(e) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 71.051(e) ("The court may not stay or dismiss a plaintiff's claim . . . if the plaintiff is a legal resident of this state."). Addressing a different section of the same Code, we hold today in another case that the common, ordinary meaning of the term "plaintiff" refers to a party who initiates a lawsuit or legal proceeding and does not include defendants or third-party defendants who file cross-claims, counterclaims, or third-party claims.

*Jaster v. Comet II Constr.*, ___ S.W.3d ___ (Tex. 2014). Unlike section 71.051, the statute at issue in *Jaster* does not define the term "plaintiff," so we looked in that case to dictionary definitions, prior precedents, and other statutes to identify the term's common, ordinary meaning, and then concluded that the context confirmed the use of that intended meaning. *Id*. at ___. Section 71.051 is one of the statutes to which we look in *Jaster*, and we note that it first "defines [the term 'plaintiff'] broadly to mean 'a party seeking recovery of damages for personal injury or wrongful death,' but . . . then expressly provides that '[t]he term does not include a counterclaimant, cross-claimant, or third-party plaintiff.'" *Id*. at ___ (quoting TEX. CIV. PRAC. & REM. CODE § 71.051(h)(2)). We note in *Jaster* that this section is consistent with others throughout the Civil Practice & Remedies Code, which repeatedly use and define the term "claimant" to refer to all parties who seek relief in a lawsuit, *id*. at ___, and use and define the term "plaintiff" to refer to claimants who initiate the lawsuit. *Id*. at ___.

In this case, the Court confirms that the term "plaintiff," as section 71.051(h) defines it, refers to "a subset of the broader term 'claimant.'" *Ante* at ___. The Court also concludes that "plaintiffs" who file counterclaims, cross-claims, or third-party claims do not thereby cease to be "plaintiffs," *ante* at ___, and that a "third-party plaintiff," as that term is used in section 71.051, means "a defendant who files a pleading in an effort to bring a third-party into the lawsuit." *Ante* at ___. The first of these conclusions is what we held in *Jaster*, and the other two are consistent both with it and with the language of section 71.051. I agree with all three, and thus disagree with Justice Johnson's view that the Court is reading words into section 71.051 when it concludes that a party must be a defendant to be a third-party plaintiff. *Ante* at ___.

Consistent with our holding in *Jaster*, under the common, ordinary meaning of the term, as well as the definition in section 71.051(h)(2), a "plaintiff" is a party who initiates the lawsuit (i.e., the first party to the suit). *Jaster*, ___ S.W.3d at ___. A defendant (the second party to the suit) may assert claims against a third party, and by doing so the defendant becomes a "third-party plaintiff." *See* TEX. R. CIV. P. 38(a) (providing that "a defending party, as a third-party plaintiff," may serve citation and a petition on "a person not a party to the action").[1] If the defendant asserts counterclaims against the plaintiff, the plaintiff may also bring in a third party "under circumstances which under this rule would entitle a defendant to do so." TEX. R. CIV. P. 38(b). But the rules nowhere refer to such a plaintiff as a "third-party plaintiff." TEX. R. CIV. P. 38. Instead, although the rule allows a "plaintiff" to bring in a "third party," it refers only to a "defending party" as a "third-party plaintiff." *Id*. I thus agree with the Court that a plaintiff who asserts claims against a third party does not thereby cease to be a "plaintiff," and that only a defendant can be a "third-party plaintiff."

But we are not dealing in this case just with a plaintiff, a defendant/third-party plaintiff, and a third-party defendant. Instead, we are dealing with *intervenors*, who elected to insert themselves into a lawsuit that already involved a plaintiff, a defendant/third-party plaintiff, and a third-party defendant. "[A] person or entity has the right to intervene [1] if the intervenor could have brought the same action, or any part thereof, in his own name, or, [2] if the action had been brought against

---

[1] The third-party defendant, in turn, may assert claims "against any person not a party to the action who is or who may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant." TEX. R. CIV. PROC. 38(a). Because this kind of claim brings a fourth party into the suit, we have referred to these parties as fourth-party plaintiffs and defendants, although Rule 38 does not. *See, e.g.*, *Liberty Mut. Ins. Co. v. First Nat'l Bank in Dall.*, 245 S.W.2d 237, 243–44 (Tex. 1951) (resolving claims by a "fourth party plaintiff" against "fourth party defendants").

him, he would be able to defeat recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co*., 793 S.W.2d 652, 657 (Tex. 1990). In other words, a person may intervene as a plaintiff who could have brought the same action, or as a defendant who can defeat the plaintiff's recovery. And, I would add, a person may intervene as a third-party plaintiff if the intervenor could have brought the same claims against the third-party defendant in the intervenor's own name, or as a third-party defendant if the intervenor would be able to defeat the third-party plaintiff's recovery, or some portion thereof. And, as I would hold occurred in the present case, a person may intervene as a defendant/third-party plaintiff, opposing the plaintiff's recovery against the defendant and seeking recovery against the third-party defendant.

The issue in this case is whether the intervenors have joined with the plaintiff, the third-party plaintiff, or the third-party defendant. The Court acknowledges that intervenors can be "characterized" as plaintiffs or as defendants, "depending on the nature of their interests and claims," *ante* at \_\_\_, and "need not necessarily be defending a claim to intervene in a defendant's capacity." *Ante* at \_\_\_. It then compares these intervenors to the intervenor in *Noble v. Meyers*, 76 Tex. 280, 13 S.W. 229 (1890), whom we "treated . . . like a plaintiff" because he "acted like a plaintiff," *ante* at \_\_\_, and distinguishes them from the intervenors in *Perkins v. Freeman*, 518 S.W.2d 532 (Tex. 1974), whom we treated like defendants because there was "no antagonism" between them and the defendant and because they and the defendant were instead "united in a common cause of action against the plaintiff." *Ante* at \_\_\_ (quoting *Perkins*, 518 S.W.2d at 534).

*Noble* and *Perkins* represent the two principal considerations for determining how to categorize an intervenor: (1) whether the intervenor seeks affirmative relief (like a plaintiff) or to

4

defeat another party's recovery (like a defendant); and (2) whether the intervenor's interests are aligned with or antagonistic to the interests of various other parties in the suit. Sometimes only one of these considerations is helpful, and it dictates the outcome. For example, we based our decision in *Noble* on the first consideration alone. 13 S.W. at 230. The intervenors in *Noble* claimed an ownership interest in land in a partition suit among parties who claimed full ownership of the same land. *Id.* at 229. Although the intervenors' interests were equally antagonistic to both the plaintiffs' and the defendant's, we treated the intervenors as plaintiffs because they sought affirmative relief and no affirmative relief was sought against them. *Id.* at 230. Conversely, we relied more extensively on the second consideration in *Perkins*, a child custody action in which the defendant and the intervenor-grandparents agreed that custody of the child should remain with the defendant. 518 S.W.2d at 534. Because the defendant's and intervenors' interests were aligned, we treated the intervenors as defendants. *Id.*

But both *Noble* and *Perkins* involved only first-party claims. When there are second-party claims (counterclaims and cross-claims) and third-party claims, the first consideration is less definitive because there is more than one category of parties that seek or defend against affirmative relief. This is true here, where there are three parties: the plaintiff (Juan), the defendant/third-party plaintiff (the estate), and the third-party defendant (Ford). Under our rules governing intervention, the question is: With which of these three are intervenors' interests most aligned? As Justice Johnson explains, the intervenors share the interests of the estate (the defendant/third-party plaintiff), both in avoiding the estate's liability to Juan (the plaintiff) and in imposing liability on Ford (the third-

5

party defendant). I agree that the intervenors' interests are most aligned with the estate's interests in this case, and thus they intervened into *this* lawsuit as defendants/third-party plaintiffs.

Holding to the contrary, the Court suggests that intervenors "acted like plaintiffs, not defendants filing a third-party claim." *Ante* at ___. But when there are no counterclaims, as is the case here, it is only a defendant who can file a third-party claim. *See* Tex. R. Civ. P. 38(a), (b). Filing a third-party claim thus may constitute acting like a defendant (the estate) and like a third-party plaintiff (also the estate), but it does not constitute acting like the plaintiff (Juan), who is not permitted under the rules of civil procedure to file a third-party claim. *See id.* The intervenors "acted like plaintiffs" *only* by filing claims against a *third-party defendant*, which is what third-party plaintiffs do. Because multiple parties are asserting or defending against affirmative relief, the question of whether the intervenors are asserting or defending against affirmative relief cannot alone dictate how the intervenors are classified. Instead, as with most cases involving second- and third-party claims, we must also consider which party's interests are most closely aligned with the intervenors' interests. The answer, as Justice Johnson explains, is the estate.

The Court points out that Juan's (the plaintiff's) interests in this case will be "wholly vindicated if the intervenors succeed" in their claims against Ford, *ante* at ___, but that is also true if the estate (the defendant/third-party plaintiff) succeeds in its claims against Ford. Similarly, the Court suggests that Juan "will be just as vindicated regardless of which of the two defendants [the estate or Ford] ends up with the hot potato of liability." *Ante* at __. This, however, only demonstrates why the intervenors' interests are *not* aligned with Juan's interests: if the estate ends up with the "hot

potato," then Juan wins but the intervenors lose. In this suit, the intervenors share the estate's fate, not Juan's.

The Court acknowledges that the intervenors, like the estate, filed claims against a third-party defendant, Ford. *Ante* at ___. But because the plaintiff, Juan, later filed his own direct claims against Ford, the Court contends that Ford is a defendant as to Juan, and is "formally a third-party defendant only as against the estate." *Id*. Even if Juan's direct claim against Ford is relevant to this analysis, it places Ford in the position of a defendant, rather than a third-party defendant, and the estate in the position of a cross-claimant, rather than a third-party plaintiff, with respect to Ford. Because the statute excludes cross-claimants from the definition of "plaintiff" as well as third-party plaintiffs, the distinction makes no difference. TEX. CIV. PRAC. & REM. CODE § 71.051(h)(2). Whether the estate's claims against Ford constitute third-party claims or cross-claims, the estate is not a "plaintiff," and because the intervenors' interests remain aligned with the estate's interests, they are not "plaintiffs" either.

As both the Court and Justice Johnson agree, if the intervenors had filed a separate, independent lawsuit against Ford, they would have been "plaintiffs" and, as Texas residents, would have been protected from forum non conveniens dismissal under section 71.051. But they didn't. Instead, they intervened in an existing lawsuit that already involved a plaintiff, a defendant/third-party plaintiff, and a third-party defendant. Intervenors must take the case as they find it. *See, e.g.*, *Buzzini Drilling Co. v. Fuselier*, 562 S.W.2d 878, 879 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ) (holding that because "[a]n intervenor takes the suit as he finds it . . . , venue of the intervention is dependent upon the venue of the original cause of action"); *Corzelius v. Cosby*

7

*Producing & Royalty Co*., 52 S.W.2d 270, 272 (Tex. Civ. App.—Fort Worth 1932, no writ) (holding that an "intervener takes the case as he finds it"). In choosing to join this suit, the intervenors aligned themselves with the estate, sharing its interests in avoiding liability to the plaintiff and alleging that Ford is liable. Under such circumstances, they have intervened into this suit not as "plaintiffs" but as "third-party plaintiffs." The protection from forum non conveniens dismissal, therefore, does not apply to them in this case.

Because I agree with Justice Johnson that the intervenors in this case have intervened as defendants/third-party plaintiffs and not as plaintiffs, I would not reach Ford's alternative argument that section 71.051 treats the intervenors as a combined, single plaintiff with the decedent. Because I also agree with Justice Johnson's application of the forum non conveniens factors to this case, I respectfully dissent.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: July 3, 2014

8