Patrick T. DEAN, Appellant,

v.

TEXAS BITULITHIC COMPANY and the City of Dallas, Appellees.

No. 5585.

Court of Civil Appeals of Texas, Waco.

June 24, 1976.

Rehearing Denied July 29, 1976.

Berman, Fichtner & Mitchell, W. W. Mitchell, II., Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, Luke Ashley, M. Leigh Bartlett, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Dean from a take-nothing judgment rendered against him upon a jury verdict.

Plaintiff sued defendants Texas Bitulithic and City of Dallas for personal injuries, suffered when his car collided with construction barricades on a street in Dallas. The construction work was being performed by Texas Bitulithic under contract with the City.

Prior to empaneling of the jury, the trial court allowed defendants a total of 9 peremptory challenges.

Trial to the jury resulted in findings that neither defendant was negligent, and that plaintiff was guilty of contributory negligence.

The trial court rendered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on one point contending the trial court erred in allowing defendants, Texas Bitulithic and City of Dallas, a total of 9 peremptory challenges to the jury panel, as against plaintiff's 6 peremptory challenges, inasmuch as defendants were not adverse or in conflict on any fact issue to go before the jury.

Rule 233 TRCP provides that "[e]ach party to a civil suit shall be entitled to 6 peremptory challenges in a case tried in the district court."

Article 2151a provides that "[a]fter proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233 [TRCP], in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

Plaintiff alleged that either or both defendants committed 13 specific acts of negligence related to the placement of warning signs, lights, and barricades at the construction site (or to the condition of the road). Both defendants denied each of the allegations of negligence. Both defendants asserted that plaintiff was negligent. Thus the two defendants were adverse to each other with respect to plaintiff's claim of negligence as to the placement of warning signs, lights and barricades, but were united in asserting plaintiff's contributory negligence.

The trial court in its discretion gave plaintiff 6 peremptory challenges and the two defendants 9 peremptory challenges. The trial court precisely followed Rule 233 and Article 2151a, and no abuse of discretion has been shown. See: *Perkins v. Freeman*, Tex., 518 S.W.2d 532; *City of Amarillo v. Reid*, (Tex.Civ.App., Amarillo) NRE, 510 S.W.2d 624; Lipshy v. Lipshy, (Tex.Civ. App., Dallas) NWH, 525 S.W.2d 222.

Moreover, the parties stipulated that plaintiff and defendants both struck prospective jurors 9 and 28. Therefore defendants in fact used only one peremptory challenge in excess of 6. The jury verdict was unanimous. Thus, no harm has been demonstrated. Rule 434 TRCP; *Tamburello v. Welch*, Tex., 392 S.W.2d 114; *Perkins v. Freeman*, supra.

Plaintiff's point is overruled.

AFFIRMED.