**David E. KING, Appellant,**

v.

**Vidal Garcia MALDONADO et al., Appellees.**

**No. 1147.**

Court of Civil Appeals of Texas, Corpus Christi.

June 23, 1977.

Rehearing Denied June 30, 1977.

Derryl L. Collins, William R. Edwards, Corpus Christi, for appellant.

Cecil D. Redford, Dyer, Redford, Burnett, Wray & Woolsey, Ronald B. Brin, Maddin, White & Brin, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

The only question presented by this appeal is whether the trial court abused its discretion in allowing two groups of defendants four peremptory challenges each, and allowing plaintiff six such challenges.

The suit arose out of a three-vehicle collision in which David E. King, plaintiff, allegedly was injured, and the automobile owned and operated by Mrs. Clevia F. Braselton, a defendant, was allegedly damaged. According to the allegations contained in plaintiff's petition, he was injured when his vehicle was struck by a truck which was owned by Mariano Rodriguez, under lease to Louisiana Elevator & Storage Company, Inc., and being operated by Vidal Maldonado, which truck was caused to swerve by certain alleged acts of negligence of Mrs. Clevia F. Braselton, the driver of an automobile which was traveling in front of the truck. Plaintiff filed suit on July 25, 1974 against Vidal Maldonado. Later, by amended pleadings, Louisiana Elevator & Storage Company, Inc., Mariano Rodriguez and Mrs. Clevia F. Braselton were made defendants to the suit. Vidal Maldonado filed a cross action against Mrs. Braselton for "indemnity and/or contribution" in the event he "was held liable to plaintiff." Mrs. Braselton filed a third party action

against Vidal Maldonado, Mariano Rodriguez and Louisiana Elevator & Storage Company, Inc., to recover damages allegedly sustained to her automobile as a result of the collision.

Trial was to a jury, which found in a less than unanimous verdict that plaintiff was not injured in the collision. A take nothing judgment was rendered against plaintiff on April 28, 1976. Plaintiff has appealed.

Defendant Mrs. Clevia F. Braselton and the remaining defendants were antagonistic to each other at all times material to this appeal. Mrs. Braselton will henceforth be referred to as "Braselton," and the other three defendants, who were not antagonistic to each other, will hereafter be called "Louisiana Elevator."

The trial court timely aligned the parties. The propriety and correctness of the alignment is not questioned in this appeal. Plaintiff concedes that Braselton and Louisiana Elevator were antagonistic to each other.

Prior to the selection of the jury, plaintiff filed his "Motion for Equalization of Peremptory Challenges," wherein he asked for twelve peremptory challenges since Braselton and Louisiana Elevator had each asked for six challenges. The motion was overruled. The trial court allowed plaintiff six peremptory challenges, Braselton four peremptory challenges, and Louisiana Elevator four peremptory challenges. In addition, the defendants were expressly allowed to collaborate in exercising their total of eight peremptory challenges. Plaintiff objected on the grounds that the allowance of a total of eight peremptory challenges to the defendants, and the allowance of only six such challenges to him, plus the permission granted the defendants to collaborate, "thwarts the end of justice in that it unfairly allows the defendants an additional two strikes more than the plaintiff." It was further stated by plaintiff to the Court in what both plaintiff and the trial judge considered to be a Bill of Exception:

"Plaintiff has been harmed thereby in that Plaintiff has thereby needed to use its six peremptory challenges on six jurors the Plaintiff did not want on the panel, and there are at least two other jurors that Plaintiff did not want on the panel, but the failure to equalize strikes has forced Plaintiff in accepting these jurors and not allowing these jurors to be struck. Those jurors are a juror on the second panel, number 12, Al Laechelin, and juror number 9 on the first panel list, Mr. J. L. West."

Plaintiff also objected to the trial court's refusal to sustain his challenge for cause to venireman F. H. Dennis, and in his making his asserted Bill, further stated that as a result of such action by the court he was required to use one of his six challenges on Dennis, and was thereby forced to take venireman Frank Brandon "who plaintiff wished to strike." Plaintiff concluded with the statement:

"[A]ccordingly the plaintiff has been thereby prejudiced due to its being forced to use one of its peremptory challenges on venireman F. H. Dennis and unable to use such strike on venireman Frank Brandon. And, accordingly, plaintiff has been prejudiced in the overruling of its motion for equalization of peremptory challenges in that it had to accept two additional veniremen, J. L. West and Al Laechlin, as a result of the failure to equalize the number of strikes, and defendants' total in their collaboration."

The record shows that venireman Dennis was examined in great detail by plaintiff in his attempt to disqualify him for cause. The voir dire examination of the panel was not reported. No evidence, except part of the voir dire examination as to Dennis, was incorporated in the asserted Bill.

All parties exercised all of their peremptory strikes. There were no duplicate strikes between plaintiff and defendants, and the veniremen, Frank Brandon, Al Laechelin and J. L. West, sat on the jury. The verdict returned was a 10–2 verdict. Al Laechelin voted in plaintiff's favor. J. L. West and Frank Brandon were among the ten jurors who returned the verdict against plaintiff.

Plaintiff's single point of error reads:

"The trial court erred in failing to equalize the number of peremptory challenges to the veniremen on the jury panel as required by Article 2151a, in that it granted four such challenges to each of two sets of Defendants (total of eight strikes) as against six challenges to Plaintiff, and allowed the Defendant groups to collaborate in exercising their combined eight challenges."

■ Rule 233, T.R.C.P., provides that each party to a civil suit tried in a district court shall be entitled to six peremptory challenges. The term "each party," as used in the Rule, does not mean the same thing as the word "person," but means each litigant or group of litigants whose interest is antagonistic to another litigant or group of litigants. *Retail Credit Co. v. Hyman*, 316 S.W.2d 769 (Tex.Civ.App.—Houston 1958, writ ref'd).

To be considered in connection with Rule 233 in multiple party cases is Tex.Rev.Civ. Stat.Ann. art. 2151a (Supp.1976), which became effective on July 15, 1971. It reads:

"After proper alignment of parties, it shall be the duty of the court to equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

■ In an appeal where the question presented is whether there has been an abuse of discretion by the trial court in the trial of a case, the burden is on the complaining party to show that the trial which resulted in a judgment adverse to him was materially unfair. *Texas Employers' Insurance Association v. McCaslin*, 159 Tex. 273, 317 S.W.2d 916 (1958). Therefore, in this case, the burden was on plaintiff to show that the allowance of a total of eight peremptory challenges to the defendants and the allowance of only six such challenges to him, coupled with the fact that the defendants were allowed to confer prior to their exercise of the eight challenges, resulted in a trial that was materially unfair to him.

The Supreme Court of Texas, in *Tamburello v. Welch*, 392 S.W.2d 114, 117, 118 (Tex.Sup.1965), stated:

"The harmless error rule undoubtedly applies where a party is denied the number of peremptory challenges to which he is entitled . . ."

\* \* \* \* \* \*

". . . if a party is improperly denied a single challenge to which he is entitled, the trial may not be so unfair as to warrant a reversal in the absence of some additional showing of prejudice. . ."

The enactment of Article 2151a did not change the rule of *Tamburello v. Welch*, supra.

Article 2151a has been construed in a number of cases since its enactment in 1971. We refer to those cases which have a bearing on this appeal.

In *Perkins v. Freeman*, 518 S.W.2d 532 (Tex.Sup.1974), a child custody case, the mother sought custody of the child from the father. The paternal grandparents intervened alleging that neither the father (defendant) nor the mother (plaintiff) were fit and asked that custody be awarded to them. Later, by amendment, intervenors alleged that the defendant was not unfit but that plaintiff was unfit and prayed that defendant retain custody, or, in the alternative, that they be awarded custody. The trial court allowed defendant and intervenors six peremptory challenges each. The Supreme Court held their positions were not antagonistic and reversed the case because of the action of the trial court in allowing six peremptory challenges to each of them.

After setting out Article 2151a, the Supreme Court, in holding that "the award to the defendant and intervenors of double the amount of peremptory challenges to which they were not entitled is calculated to cause the trial to be materially unfair," said:

"The statute specifically requires the trial court to align the parties. After a proper alignment of parties it is 'the duty of the court to equalize the number of peremptory challenges' as provided for under

Rule 233. This equalizing of the number of peremptory challenges is to be done 'in accordance with the end of justice so that no party is given an unequal advantage.' "

*Austin Road Company v. Evans,* 499 S.W.2d 194 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.) was a multiple party case. Mrs. McEneny, Mrs. Carson and Mrs. Evans were driving in that order through a construction area of Austin Road Company and were blinded by lime that was being placed in the construction area. Mrs. McEneny stopped; Mrs. Carson stopped; but Mrs. Evans did not. Mrs. Carson's automobile came in contact with the rear of Mrs. McEneny's car, and Mrs. Evans' car struck the rear of Mrs. Carson's car. Each sued the other two, and each also sued Austin Road Company. The trial court allowed each of the ladies six peremptory challenges, and allowed nine such challenges to Austin Road Company. Mrs. Evans and Austin Road Company were found negligent. Under the jury's verdict, Mrs. McEneny and Mrs. Carson recovered judgment against Mrs. Evans and Austin Road Company, and Mrs. Evans recovered indemnity against Austin Road Company, but did not recover for her personal injuries. Austin Road Company appealed, and Mrs. Evans filed a cross point complaining of the action of the trial court in giving Austin Road Company nine challenges and allowing her only six. After discussing the law prior to the enactment of Article 2151a, the Court of Civil Appeals held:

"Our holding is that, perforce the provisions of the 1971 Statute as applicable to the instant question there has been an effective change in the law so that, except there be an abuse of discretion in the allotment of peremptory challenges by the trial court in his discharge of the duty to equalize the number of peremptory challenges permitted the parties litigant there should be no reversal even though one party be allowed to make more than six peremptory challenges. Here there was no abuse of discretion warranting reversal."

In a more recent case, *Dean v. Texas Bitulithic Company,* 538 S.W.2d 825 (Tex. Civ.App.—Waco 1976, writ ref'd n. r. e.), there were two defendants which were adverse to each other with respect to the plaintiff's claim of negligence. The Court of Civil Appeals held:

"The trial court in its discretion gave plaintiff six peremptory challenges and the two defendants 9 peremptory challenges. The trial court precisely followed Rule 233 and Article 2151a, and no abuse of discretion has been shown."

■ It is a rule of long standing in Texas that parties to a multiparty lawsuit may confer in making peremptory challenges. *First Nat. Bank of Cuero v. San Antonio & A. Pass R. Co.,* 97 Tex. 201, 77 S.W. 410, 412 (1903); *Hoover v. Barker,* 507 S.W.2d 299 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.); *Brown & Root, Inc. v. Gragg,* 444 S.W.2d 656, 660 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.); *City of San Antonio v. Reed,* 192 S.W. 549, 553 (Tex.Civ.App.—San Antonio 1917, writ ref'd). That rule was not changed by the passage of Article 2151a. However, where there are multiple parties and they are permitted to collaborate prior to the exercise of peremptory challenges, the fact that they will confer with each other should be taken into consideration by the trial judge in equalizing the number of peremptory challenges "in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

■ We hold that in multiple party cases, Article 2151a does not require, as a matter of law, that each side, after alignment, is entitled to the same number of peremptory challenges as that allowed the opposite side. If the Legislature, in enacting the statute, had intended in all such cases for each side to have the same number of peremptory challenges following proper alignment of the parties, the statute would have so stated. Since it did not do so, the matter is left to the sound discretion of the trial court.

■ Of the veniremen on the jury panel, nine, who were not disqualified for any

reason, were undesirable to plaintiff. Six of them, including Dennis, were removed by plaintiff by peremptory strikes. The remaining three, Brandon, Laechelin and West, served on the jury. However, plaintiff does not, by a point of error, complain of the refusal of the trial court to sustain his challenge for cause to Dennis, nor does he complain by a point of error that such action caused him to take Brandon, whom he would have struck by a peremptory strike had Dennis been removed from the panel for cause. There is nothing in the record which shows that any of the twelve jurors who made up the jury were disqualified, or that any of them were prejudiced against plaintiff, or that any of the ten were unfair in reaching the verdict that was returned. The mere fact that the verdict was unfavorable to plaintiff, without a showing of something more than is shown by the record in this case does not constitute harm which requires a reversal of the judgment that was rendered.

Considerable evidence was offered by all parties at the trial of the case. Plaintiff does not attack the findings of the jury, nor does he challenge any of the rulings made by the trial judge after the jury was empanelled and trial commenced.

■ The advantages accruing to Braselton and Louisiana Elevator because they were permitted to collaborate in the exercise of their eight peremptory challenges were offset to some degree by the granting of only four peremptory challenges to each of them instead of six each, as provided by Rule 233. The action by the trial court in allowing an unequal number of peremptory challenges was obviously motivated in accordance with its concept of justice so that neither side would have an unequal advantage over the other because of the number of peremptory challenges allowed the respective parties. Such action was authorized by Article 2151a, and was clearly within the discretion of the trial court.

Under the record here presented, we do not believe that the action of the trial court resulted in a trial that was materially unfair to the plaintiff. No abuse of discretion is shown. Plaintiff's point is overruled.

The judgment of the trial court is AFFIRMED.