NUMBER 13-03-00234-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

SCOTT MICHAEL POJAR,                                                               Appellant,

 

                                                             v.

 

WENDELL AND NEIDA CIFRE, AS

NEXT FRIENDS OF BEATRICE CIFRE,

FORMERLY A MINOR CHILD,                                                        Appellees.

 

   On appeal from the 56th District Court of Galveston County,
Texas.

 

                         DISSENTING OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza

                            Dissenting
Opinion by Justice Hinojosa

 

I respectfully dissent.  I disagree with the majority=s holding that appellant, Scott Michael
Pojar, failed to preserve any issue regarding the equalization of peremptory
challenges and, if the issue was preserved, the trial court did not abuse its
discretion in the allocation of peremptory challenges.








                                                           A.  Issue Preservation

The majority does not dispute the timeliness
of Pojar=s objection to the allocation of peremptory
challenges.  Rather the majority relies
on the requirement set forth in rule 33.1 of the Texas Rules of Appellate
Procedure that the grounds be made with Asufficient specificity to make the trial
court aware of the complaint, unless the specific grounds were apparent from
the context@ in determining that Pojar failed to
preserve any issue regarding equalization of peremptory challenges.  See Tex.
R. App. P. 33.1.  Although Pojar
filed a AMotion for Equalization of Peremptory
Strikes,@ the majority concludes that because Pojar
requested an equal number of strikes as the plaintiff and co-defendant
combined, he actually requested a realignment of sides rather than equalization
of peremptory challenges, thereby raising a different issue on appeal than what
was argued to the trial court.  I
disagree.

The paragraph entitled AMotion to Equalize@ of rule 233 of the Texas Rules of Civil
Procedure provides:

In multiple party cases, upon motion of any
litigant made prior to the exercise of peremptory challenges, it shall be the
duty of the trial judge to equalize the number of peremptory challenges so that
no litigant or side is given unfair advantage as a result of the alignment of
the litigants and the award of peremptory challenges to each litigant or
side.  In determining how the challenges should
be allocated the court shall consider any matter brought to the attention of
the trial judge concerning the ends of justice and the elimination of an unfair
advantage.  

 

Tex. R. Civ. P.
233.

Pojar=s AMotion for Equalization of Peremptory
Strikes@ specifically states as follows:

                                                                             I.








Defendants move for equalization of peremptory strikes in accordance
with Texas Rule of Civil Procedure 233. 
Equalization is appropriate in this case to prevent the Plaintiff from
obtaining an unfair advantage in jury selection.  It is clear from the conduct of the parties
that no antagonism exists between the Plaintiffs and the Defendant LAURA McCORMICK.  Accordingly, equalization is appropriate to
prevent the Plaintiffs and McCORMICK, antagonistic only on matters of damages,
but united in opposition to the POJAR Defendants, from having the ability to
select the jury. 

 

II.

 

It
is clear from the conduct of the parties that the Plaintiffs and McCORMICK are
united in their goal of establishing liability solely upon the POJAR=s [sic]. 
Plaintiffs= counsel opposed the admissibility of
evidence that LAURA McCORMICK smelled of alcohol following the accident.  Plaintiffs= expert has concluded that SCOTT POJAR was
solely responsible for the accident.  Not
surprisingly, McCORMICK=s expert holds similar opinions.  It is obvious that there is a common interest
between the Plaintiffs and Defendant McCORMICK. 
The reason for the alignment of these parties is obvious: McCORMICK has
minimal insurance coverage.  Thus, this
alignment is not based on what the facts have revealed, but who has the deeper
pockets.  

 

III.

 

The equalization of peremptory challenges is to be done to meet the ends
of justice and to eliminate an unfair advantage.  Tex.R.Civ.P. 233.  The basis for equalization can be made from a
determination of the interests of the parties disclosed through pretrial
proceedings or other information specifically called to the attention of the
court.  Perkins v. Freeman, 518
S.W.2d 532, 534 (Tex. 1974).  As mentioned
above, the common themes and goals between the Plaintiffs and McCORMICK have
been demonstrated by their counsel throughout discovery and during pretrial
matters.   

 

IV.

 

The Court recently ruled that the Plaintiffs would receive six
peremptory challenges; and that each Defendant would receive three peremptory
challenges.  The realistic result will be
that the Plaintiffs and McCORMICK will have access to nine peremptory strikes
as opposed to three for the POJAR=s [sic]. 
Many cases have held such a situation to constitute reversible
error.  Tamburello v. Welch, 392
S.W.2d 114 (Tex. 1965); Council v. Bankers Commercial Life Ins. Co., 558
S.W.2d 487, 489 (Tex.App.BBeaumont 1977, writ ref=d n.r.e.); and Diamond Shamrock Corp. v.
Wendt, 718 S.W.2d 766, 770 (Tex.App.BCorpus Christi 1986, writ ref=d n.r.e.). 
Those cases demonstrate the need for equalization of peremptory strikes
in situations such as the one present in this case. 

 








V.

 

The POJAR=s [sic] request that the Court grant them an
equal amount of peremptory strikes as those to be exercised by the Plaintiffs
and McCORMICK, combined.  For
illustration, the court in  Williams
v. Texas City Refining, Inc., 617 S.W.2d 823 (Tex.App.BHouston [14th Dist.]1981, writ ref=d n.r.e.), granted a plaintiff six strikes,
the target defendant seven strikes, and a third-party defendant closely aligned
with the plaintiff one strike. 
Accordingly, the POJAR=s [sic] request a similar allotment in this
case to meet the ends of justice.

 

WHEREFORE, PREMISES CONSIDERED, the POJAR=s [sic] pray that their Motion for
Equalization of Peremptory Strikes be GRANTED; that the POJAR=s [sic] receive an allotment of peremptory
strikes equal to those of the Plaintiffs and McCORMICK, combined; and for such
other relief to which the POJAR=s [sic] may show themselves to be justly
entitled.  

 

Pojar specifically asked the
trial court to Aequalize@ the peremptory challenges, explaining that,
if there was not an equalization, he would be at an unfair disadvantage.  Furthermore, he specifically tracked the
language of the pertinent paragraph of rule 233 pertaining to equalization, and
he cited several cases that considered the issue of equalization.  Also, during arguments to the trial court on
the motion both before and after voir dire examination, Pojar and the trial
court made references to the equalization of peremptory challenges, both
specifically and generally.  

Because I
conclude that Pojar presented his objection to the allocation of peremptory
strikes with sufficient specificity to make the trial court aware of his
complaint, I would hold that Pojar=s issue regarding the equalization of
peremptory challenges was properly before this Court.  See Tex.
R. App. P. 33.1.

B.  Equalization of Peremptory Challenges








The threshold question to be answered in
allocating strikes when multiple litigants are involved on one side of a
lawsuit is whether any of those litigants on the same side are antagonistic
with respect to a question that the jury will decide.  Patterson Dental Co. v. Dunn, 592
S.W.2d 914, 918 (Tex. 1979).  If, after
aligning the parties, the court determines that antagonism exists between
parties on the same side, the court must adjust the number of peremptory
challenges awarded to each litigant or side so that no litigant or side is
given unfair advantage.  See Tex. R. Civ. P. 233; King v.
Maldonado, 552 S.W.2d 940, 943-45 (Tex. App.BCorpus Christi 1977, writ ref=d n.r.e). 
When antagonistic parties on the same side are required to share six
strikes, it is error amounting to a violation of the basic right to trial by
jury.  Dunn, 592 S.W.2d at 918.

The majority concludes that by acknowledging
that the attorneys for Cifre and McCormick were Aacting chummy,@ the trial court found that Pojar and
McCormick were antagonistic toward one another, and, in an effort to remedy
this antagonism, the trial court properly allocated peremptory challenges by
giving six challenges to Cifre, three to Pojar, and three to McCormick.  However, the record shows that the trial court
refused to find antagonism, and because there was no finding of antagonism, the
trial court did not appropriately adjust the peremptory challenges.

Prior to voir dire examination, counsel for
Pojar informed the trial court that the issue of antagonism between the
defendants and allocation of peremptory challenges needed to be addressed prior
to the exercise of peremptory challenges. 
Counsel stated that he had good case law to support his position that
equalization was required.  The trial
court responded, A. . . it is clear they [Cifre and McCormick]
are not mad at each other, but what do we have that=s objective. . . .  If your client [Pojar] is a target only
because there might be more money available, I don=t think that=s a way to allocate, you know B if there is no deal that=s been made between them then I think my
hands are tied.@








Following voir dire examination and prior to
the exercise of peremptory challenges, the issue of antagonism and equalization
was addressed.  The trial court asked
counsel for Pojar if, in the absence of any kind of deal between Cifre and
McCormick, she was supposed to decide they were Achummy.@  When
asked by the trial court if there was case law that ever placed a defendant
with the plaintiffs in the absence of a signed agreement, counsel for Pojar
referred to several cases including Diamond Shamrock Corp. v. Wendt, 718
S.W.2d 766 (Tex. App.BCorpus Christi 1986, writ ref=d n.r.e). 
The trial court then stated, AI will take judicial notice they are acting
chummy, but I don=t think that gets us there.  I don=t think that=s the law.@

I conclude the trial court erroneously
believed that absent a signed agreement or settlement between Cifre and
McCormick, she could not find antagonism and equalize peremptory
challenges.  In Wendt, we found
antagonism existed between the defendants, although there was no settlement or
signed agreement, and held that the trial court erred in failing to properly
allocate the peremptory challenges.  Id.
at 769-70.  Because the trial court
concluded her Ahands were tied,@ she declined to find antagonism between
Pojar and McCormick and denied Pojar=s motion for equalization.  By denying Pojar=s motion, the trial court required Pojar and
McCormick, antagonistic defendants on the same side of the docket, to share six
challenges, which constitutes error amounting to a violation of the basic right
to trial by jury.  See Dunn, 592
S.W.2d at 918.








Once it is determined that the trial court
committed error in allocating peremptory challenges, the next step is to
determine if the error resulted in a trial that was materially unfair, thus
requiring reversal.  Lopez v. Foremost
Paving, Inc., 709 S.W.2d 643, 644 (Tex. 1986); Garcia v. Central Power
& Light Co., 704 S.W.2d 734, 737 (Tex. 1986); Dunn, 592 S.W.2d
at 920.  Whether any such error resulted
in a materially unfair trial must be decided from an examination of the entire
record.  Lopez, 709 S.W.2d at 644;
Garcia, 704 S.W.2d at 737; Dunn, 592 S.W.2d at 920.  When the trial is hotly contested and the
evidence sharply conflicting, the error results in a materially unfair trial
without showing more.  Lopez, 709
S.W.2d at 644; Garcia, 704 S.W.2d at 737; Dunn, 592 S.W.2d at
920. 

Cifre has not denied that the trial in this
matter was hotly contested.  In fact,
during his opening statement at trial, Cifre=s attorney explained that Aa lot of evidence . . . is hotly contested.@  The
parties disagreed over almost every piece of evidence relevant to liability,
including which defendant had the green light when entering the intersection; a
disinterested witness=s testimony regarding where McCormick passed
him the night of the accident and whether he was a reliable judge of distance;
and evidence of drug and alcohol usage, which the trial court itself described
as Ahotly contested.@  The
final jury verdict of ten-to-two is further evidence of a hotly contested
trial.  See Garcia, 704
S.W.2d at 737; Dunn, 592 S.W.2d at 921; Van Allen v. Blackledge,
35 S.W.3d 61, 66 (Tex. App.BHouston [14th Dist.] 2000, pet. denied). 

After reviewing the record in its entirety,
I conclude that this was a hotly contested trial with sharply conflicting
evidence, and the trial court=s error in denying Pojar=s motion to equalize peremptory challenges
resulted in a materially unfair trial.  I
would (1) sustain Pojar=s first issue, (2) reverse the judgment of
the trial court, and (3) remand the case to the trial court for a new
trial.  Therefore, I respectfully
dissent.

 

FEDERICO G. HINOJOSA

Justice

 

Dissenting
Opinion delivered

and
filed this the 23rd day of February, 2006.